IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLEN TREFFLY COYNE,<br><br>    Plaintiff,<br><br>    v.<br><br>CSO ANGEL BRINICKI, OFFICER JAMES CIUKAJ, OFFICER FORREST WONDOLOWSKI and the VILLAGE OF CRESTWOOD,<br><br>    Defendants. | No.  FILED: MARCH 20, 2008<br>      08CV1619        AEE<br>      JUDGE NORGLE<br>      MAGISTRATE JUDGE DENLOW |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit CSO ANGEL BRINICKI, OFFICER JAMES CIUKAJ, OFFICER FORREST WONDOLOWSKI, (hereinafter, the "DEFENDANT OFFICERS") and the VILLAGE OF CRESTWOOD.

## JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.     PLAINTIFF is a resident of the State of Illinois and of the United States.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the VILLAGE OF CRESTWOOD.

1

4. The VILLAGE OF CRESTWOOD is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the VILLAGE OF CRESTWOOD.

### SPECIFIC UNDERLYING FACTS REGARDING THE ARREST

5. On or about December 8, 2007, the PLAINTIFF, her three children and their minor companion, travelled to the Wal-Mart in Crestwood, Illinois.

6. Upon arrival at the Wal-Mart, PLAINTFF, her two daughters and their companion, exited PLAINTIFF'S car.

7. Upon exiting the car, PLAINTIFF left, within the car, her minor daughter PHOEBE JANECYK.

8. PHOEBE was two years old at the time.

9. When PHOEBE was left in the car, the inside of the car was warm, the car doors were locked and the car alarm was placed on.

10. The PLAINTIFF remained in eyesight of PHOEBE at all times.

11. The PLAINTIFF did not travel further then 30 feet away from PHOEBE.

12. The PLAINTIFF was always able to see her vehicle.

13. The PLAINTIFF was situated in such a way that she would have been able to see whether anyone opened each and every doors to her vehicle.

14. If anyone opened a door to the vehicle, not only would PLAINTIFF have been able to see a door open, but the car alarm would have gone off.

15.     At no time did Plaintiff endanger the life of her child, within the meaning of the criminal statue charging same: 720 ILCS 5/12-21.6.

16.     720 ILCS 5/12-21.6 stated, at the time of PLAINTIFF'S arrest, the following:

> It is unlawful for any person to willfully cause or permit the life or health of a child under the age of 18 to be endangered or to willfully cause or permit a child to be placed in circumstances that endanger the child's life or health * * * .

17.     At no time did PLAINTIFF willfully cause PHOEBE'S life to be in danger.

18.     At no time did PLAINTIFF willfully cause or permit PHOEBE to be in danger.

19.     On or about December 8, 2007, PLAINTIFF did not obstruct justice.

20.     On or about December 8, 2007, PLAINTIFF did not reckless endanger the life and/or welfare of her minor child, PHOEBE JANECYK.

21.     On or about December 8, 2007, PLAINTIFF did not resist arrest.

22.     On or about December 8, 2007, PLAINTIFF did not batter and/or assault any of the DEFENDANT OFFICERS.

## ACTIONS OF ASSISTANT COOK COUNTY STATE'S ATTORNEY

23.     A Cook County Assistant State's Attorney dropped the criminal charges lodged against PLAINTIFF.

24.     When the Cook County Assistant State's Attorney dropped the criminal charges against the PLAINTIFF, said attorney determined that there was insufficient evidence to prosecute a criminal claim against the PLAINTIFF.

25.     When the Cook County Assistant State's Attorney dropped the criminal charges against the PLAINTIFF, said attorney determined that there was not sufficient evidence to prosecute the PLAINTIFF for reckless endangerment of PHOEBE JANECYK.

26. Prior to the dropping of the criminal charges against PLAINTIFF, the DEFENDANT OFFICERS spoke to attorneys at the Cook County State's Attorneys' office, with regard to their belief as to the basis for lodging a criminal action against the PLAINTIFF.

27. After speaking to the DEFENDANT OFFICERS, the criminal case was dismissed.

## GENERAL ALLEGATIONS

28. On or about December 8, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

29. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

30. On December 8, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

31. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

32. On or about December 8, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the VILLAGE OF CRESTWOOD. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

33. Upon information and belief, CSO ANGEL BRINICKI, on December 8, 2007, came into physical contact with PLAINTIFF.

34. Upon information and belief, OFFICER JAMES CIUKAJ, on December 8, 2007, came into physical contact with PLAINTIFF.

35. Upon information and belief, OFFICER FORREST WONDOLOWSKI, on December 8, 2007, came into physical contact with PLAINTIFF.

## CONSPIRACY

36. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

   b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

   d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF; and

   e. generating false documentation to cover-up for their own and each other's misconduct.

37. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about December 8, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS, by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

5

**EQUAL PROTECTION**

38.  The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

39.  In connection with the Equal Protection Claim, PLAINTIFF was a "Class of One."  In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis.  PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS.  The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF.  Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

40.  A code of silence exists between officers of the Defendant Municipality.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**COUNT I**
**§1983 False Arrest**

41.  PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

42.  The actions of the DEFENDANT OFFICERS, by participating in the arrest, generation of documents and/or failure to intervene in the arrest (with the ability to do so) caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.

Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

43. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT II
### False Arrest –State Claim

44. PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

45. The actions of the DEFENDANT OFFICERS, by participating in the arrest, generation of documents and/or failure to intervene in the arrest (with the ability to do so) caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

46. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### Battery –State Claim

47. PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

48. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

49. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

50. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### Malicious Prosecution - State Claim

51. PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

52. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

53. The DEFENDANT OFFICERS engaged in this effort without probable cause.

54. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

55. The underlying criminal charges were resolved in a manner indicative of innocence.

56. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT

OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### § 1983 Conspiracy Claim

57.　PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

58.　The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

　　WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### Conspiracy Claim – State Law

59.　PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

60.　The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

　　WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
### § 1983 Equal Protection – Class of One

61.　PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

62. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

63. The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands  punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the VILLAGE OF CRESTWOOD

64. PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

65. Defendant VILLAGE OF CRESTWOOD is the employer of the DEFENDANT OFFICERS alleged above.

66. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the VILLAGE OF CRESTWOOD.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the VILLAGE OF CRESTWOOD pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

67. PLAINTIFF re-alleges paragraphs 1 – 40 as though fully set forth herein.

68.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant VILLAGE OF CRESTWOOD, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the VILLAGE OF CRESTWOOD and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

69.     Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz

**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
155 N. Michigan Ave., Suite 723
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)

11